# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7185 | **DATE** | June 13, 2013 |
| **CASE TITLE** | Newell vs. Alden Village | | |

**DOCKET ENTRY TEXT**

Because the amended complaint supersedes the original complaint, Alden's motion (Doc [19]) to dismiss is denied without prejudice. Alden is given leave to respond to the amended complaint as it determines is appropriate. Alden is given fourteen days from the date of this order to do so. Ruling set for 6/20/2013 is stricken. Status hearing set for 7/3/2013 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This matter comes before the Court on the motion of Defendant Alden Village Health Facility for Children and Young Adults, Inc., ("Alden") to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is denied without prejudice.

On December 12, 2012 pro se Plaintiff Chiquita Newell ("Newell") filed a five-count complaint against Alden. Newell's complaint alleges that Alden: 1) illegally failed to promote her; 2) failed to accommodate her disability; 3) failed to stop ongoing harassment; 4) retaliated against her; and 5) created a hostile work environment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. On March 19, 2013, Alden filed a motion to dismiss Newell's complaint. The Court granted Newell multiple extensions of time to file her answer to Alden's motion. On May 8, 2013 Newell responded to Alden's motion by submitting a document which was entitled "Response to Defendant's Motion to Dismiss." However, Newell only attached an amended complaint and did not formally respond to Alden's motion to dismiss. Newell's amended complaint retains the same counts as her original complaint; however, she adds an additional count of retaliatory discharge under Illinois common law.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend h[er] pleading once as a matter of course at any time before a responsive pleading is served . . . ." Alden did not file an answer to Newell's original complaint, but rather filed a motion to dismiss on March 19, 2013. The Seventh Circuit has consistently held that a motion to dismiss is not a responsive pleading. *Fuhrer v. Fuhrer*, 292 F.2d 140, 142 (7th Cir. 1961). Although Newell labeled her May 8, 2013 filing as an answer to Alden's motion, Newell included an amended complaint with her filing. The Court does not construe Newell's submission as a formalized answer to Alden's motion, but interprets Newell's filing as an amended complaint.

## ORDER

    Newell's original complaint is not the controlling complaint in this case. An amended complaint becomes controlling once it is filed, because the prior pleading is withdrawn by operation of law. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Alden's motion to dismiss was based on Newell's original complaint; therefore, there is no motion to dismiss related to the amended complaint. Ruling on Newell's amended complaint would be inappropriate. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) (the court "cannot *sua sponte* . . . dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint."). Accordingly, because the amended complaint supersedes the original complaint, Alden's motion to dismiss is denied without prejudice. Alden is given leave to respond to the amended complaint as it determines is appropriate. Alden is given fourteen days from the date of this order to do so.

Date: June 13, 2013

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Judge**