UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHIQUITA NEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 12 C 7185 |
| ALDEN VILLAGE HEALTH | ) |
| FACILITY FOR CHILDREN AND | ) |
| YOUNG ADULTS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant Alden Village (the "Village") to dismiss the complaint of pro se Plaintiff Chiquita Newell ("Newell") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the Village's motion is granted in part and denied in part.

## BACKGROUND

The following well-pleaded allegations are derived from Newell's amended complaint, and the Court accepts them as true for purposes of the instant motion. On December 3, 2008, the Village hired Newell as a habilitation specialist to assist residents with daily physical activities, some activities requiring moderate to heavy physical effort. On April 17, 2010, Newell injured her arm while working at the

Village and suffered an ulnar-sided triangular fibrocartilage complex ("TFCC") tear. Newell alleges she now has mild carpel tunnel syndrome as a result. Newell requested accommodations due to her injury, and the Village complied by putting her on light-duty status. After she told the Village of her injury, Newell claims the Village retaliated against her by assigning her to work with combative residents. In December 2010 she hired an attorney for a worker's compensation action against the Village.

In February 2011, Newell reinjured her arm while working with a resident and was placed in the laundry department until October 2011. In October 2011, Newell notified the Village that she would not be working for a few weeks due to her grandmother's passing and would return on October 25, 2011. The Village agreed with her request, but Newell did not appear for work on October 25, 26, 27, or 28. Subsequently, the Village discharged Newell for not having complied with employment requirements. After Newell clarified to the Village that she had called off work on October 27, the Village reinstated Newell as an employee on light-status duty. On December 19, 2011, Newell informed the Village that because of her injury she was prohibited from any contact with residents, including light-duty status.

Newell provided the Village with a doctor's note dated December 30, 2011 from Hinsdale Orthopaedics stating that she was to return to modified work, but that she may not work or interact with residents. The Village informed Newell that it could not accommodate her work restriction of no contact with residents and that she

needed to provide another doctor's note with modified working restrictions. After December 30, 2011, Newell never returned to work at the Village's facility, claiming that she had been told not to return.

On February 8, 2012, Newell filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on disability, with the latest instance of discrimination's having taken place on December 21, 2011. On June 6, 2012, Newell was mailed a notice of right to sue from the EEOC. A letter from the EEOC dated April 23, 2013 verifies that there was a clerical error made on Newell's initial EEOC form and that based on her intake questionnaire, a retaliation charge should have been checked in addition to her February 8, 2012 disability charge. However, during the 300-day amendment period offered to Newell by the EEOC, she never amended her EEOC charge form to add retaliation.

Newell filed a six-count amended complaint against the Village on May 8, 2013. Newell's complaint alleges that the Village: (i) wrongfully terminated her employment; (ii) failed to promote her; (iii) failed to reasonably accommodate her disability; (iv) failed to stop ongoing harassment; (v) retaliated against her; and (vi) discharged her in retaliation under Illinois common law. Newell explicitly seeks recovery under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et eq.* She also alleges claims of retaliation and failure to stop ongoing harassment. The Court construes Newell's failure to stop ongoing harassment charge as a hostile work environment claim. The Court will evaluate Newell's retaliation and hostile

work environment claims as though they had been brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) ("reminding courts to construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers") (citation and internal quotation marks omitted).

## LEGAL STANDARD

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

## DISCUSSION

### I. ADA Claims

Newell alleges that the Village wrongfully terminated her employment and failed to reasonably accommodate her disability. The Village contends that Newell does not have a claim because her injury does not constitute a disability within the meaning of the ADA. The ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). For a plaintiff to establish a violation of the ADA, she must demonstrate that she: (i) is "disabled" within the meaning of the ADA; (ii) is qualified to perform essential functions of the job, with or without reasonable accommodations by her employer; and (iii) has suffered an adverse employment action as a result of the discrimination. *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013). To establish a failure to accommodate claim, a plaintiff must show that she: (i) is a qualified individual who is disabled; (ii) the employer had knowledge of the disability; and (iii) the employer failed to make reasonable accommodations for the disability. *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1176 (7th Cir. 2013). The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2).

An impairment is a disability if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). However, the ADA explicitly notes in the same section that not every impairment constitutes a disability. *See id*. Although the Village cites Seventh Circuit case law on chronic and temporary disabilities, those cases revolve around alleged discrimination that occurred prior to the ADA Amendments Act, Pub. L. No. 110-325, 122 Stat. 3553 (2008).

In the instant case, Newell alleges that she suffered a TFCC tear, resulting in mild carpel tunnel syndrome. Construing Newell's allegations in the light most favorable to her, Newell has stated a colorable ADA claim, and the extent of her disability is a question of fact. The Court declines to delve into the various factual disputes inherent in whether and to what extent Newell is disabled, how she has been accommodated, and whether those accommodations were reasonable. Issues such as these are normally reserved for the summary judgment stage of litigation. Therefore, the Village's motion to dismiss is denied with respect to Newell's ADA and failure to accommodate claims.

**II. Hostile Work Environment, Failure to Promote and Retaliation Claims**

Newell alleges that: (i) the Village failed to promote her; (ii) failed to stop ongoing harassment; and (iii) retaliated against her. The Village argues that these claims should be dismissed because they are not reasonably related to her initial EEOC charge of discrimination based on disability. In Newell's initial charge of

discrimination form against the Village filed with the EEOC, Newell checked "discrimination based on disability" and indicated that the latest date of discrimination had been December 21, 2011. She received the right to sue from the EEOC for disability discrimination on June 6, 2012. Attached to her amended complaint, Newell provides a letter from the EEOC dated April 23, 2013 stating that there was a clerical error made on her initial EEOC charge of discrimination form and that based on her intake questionnaire, the EEOC should have checked "discrimination based on retaliation" as well as "discrimination based on disability". It is important to note that Newell did not amend her EEOC charge form to include a retaliation charge during the 300-day period allotted to her.

In an employment discrimination case, a plaintiff can only bring allegations that she included in her administrative charge of discrimination or that are like or reasonably related to the allegations of the charge. *Gawley v. Indiana Univ.*, 276 F.3d 301, 313 (7th Cir. 2001). The purpose of this requirement is to give the employer notice of the complaining party's allegations of wrongdoing and for the EEOC to conciliate those complaints. *Id*. at 313-14. Administrative charges should be liberally construed, for they are often drafted by individuals without the assistance of counsel. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 906 (7th Cir. 1981).

In the case at bar, Newell did not mention failure to promote or hostile work environment at all during her intake meeting with the EEOC. Though Newell

provides a declaration from the EEOC claiming it made a clerical error by failing to check "discrimination based on retaliation", she signed the EEOC charge and made no effort to amend the charge to include retaliation or other claims for over a year. This court is "not impressed with [Newell's] late attempt to correct a potential error on the [EEOC] charge form." *See Dactelides v. S. Bend Cmty. Sch. Corp.*, No. 3:12-CV-230-CAN, 2013 U.S. Dist. LEXIS126652, at*18 (N.D. Ind. Sept. 5, 2013). None of the additional claims is reasonably related to her initial disability discrimination charge, and the claims are therefore dismissed.

### III. Common Law Retaliatory Discharge Claim

Newell alleges retaliatory discharge under Illinois common law. The Village argues that this count fails because: (i) the Court lacks jurisdiction over Newell's disability claim; and (ii) the Village never discharged Newell, but instead Newell essentially resigned when she failed to return to the Village's facility after December 30, 2011. The Court agrees that the Village did not discharge Newell; rather, Newell simply failed to report back to work. Thus, the Court construes Newell's claim as one of constructive retaliatory discharge.

Generally, courts have defined constructive discharge as instances where "employers made the work environment so inhospitable for the targeted employee that he or she was effectively forced to resign." *Ludwig v. C & A Wallcoverings, Inc.*, 960 F.2d 40, 43 (7th Cir. 1992). However, Illinois courts have yet to accept constructive retaliatory discharge as a cause of action. *See Grey v. First Nat'l Bank of Chi.*, 523

N.E.2d 1138, 1143 n. 2 (Ill. App. Ct. 1988) (" '[C]onstructive discharge is not an actionable concept' in regard to retaliatory discharge.")  In the instant case, Newell does not allege she was discharged by the Village, but told not to return to the facility until she provided another doctor's certificate with modified working restrictions that would allow her to come into some contact with residents.  Therefore, since Newell's only feasible cause of action is constructive retaliatory discharge, which is not recognized by Illinois courts, this claim must be dismissed.

## CONCLUSION

For the foregoing reasons, the Village's motion to dismiss is granted in part and denied in part.

_____
Charles P. Kocoras
United States District Judge

Dated:  October 17, 2013
_____